not necessarily incidental to any fact alleged therein.

The appellant contends that the exception of no cause of action must be disposed of upon the face of the plaintiff's pleadings, and, as the only issue in the suit is damage to growing crops, the facts alleged in the petition may be established by proof, when the case is heard on the merits, irrespective of whether or not the plaintiff has title to the land.

With respect to the possession, ownership, and destruction of the crops, it is alleged in the petition that, in 1923, the plaintiff planted and cultivated cotton, corn, alfalfa hay, and velvet beans upon tracts 25 and 26 of Belle Helene plantation, in Ascension parish, La.; that it actually expended $9,000 in planting and cultivating said crops; and that the said crops were totally destroyed by reason of defendant's breach of a verbal contract with plaintiff.

It is not necessary to summarize the other paragraphs of the lengthy petition. It is sufficient to say that it discloses a right and cause of action. Plaintiff does not allege title to tracts 25 and 26 of Belle Helene plantation, but in several paragraphs of the petition the plaintiff refers to those tracts as "its tracts." It is evident that plaintiff's reference to the lands as "its tracts" prompted the defendant's prayer for oyer of the title to the land, and led to the filing of defendant's exceptions of no right and no cause of action. It is also evident that both of these exceptions are predicated solely upon the showing, dehors the petition, that title to the land is not in the plaintiff.

The invariable rule is that the exception of no cause of action admits the truth of all well-pleaded facts, and it must be determined by the averments of the petition, construed with the recitals of accompanying documents which are thereto annexed and made a part thereof.

This exception raises an issue of law only, and its sole purpose is to test the legal sufficiency of the facts pleaded. In this case no document is referred to in the petition. Therefore the court is not presently concerned with, or warranted in considering, any fact not alleged or any matter not pleaded.

Defendant's contention that standing crops are a part of the land to which they are attached, and belong to the owner of the land, is fundamentally unsound. It assumes, as its predicate, that growing crops are immovables, an assumption that is its own refutation.

For the reasons stated, it is decreed that the judgment appealed from be avoided; that defendant's exception of no cause of action be overruled; that this case be remanded to be proceeded with according to law; and that appellee pay the costs of this appeal.

O'NIELL, C. J., concurs in the decree.

(134 So. 748)

LIBERTY COFFEE CO., Inc., v. ALBERTI.
In re LIBERTY COFFEE CO., Inc.
No. 31175.

April 27, 1931.

Milner & Porteous and F. C. Johnson, Jr., all of New Orleans, for relator.

Leonard H. Perez, District Attorney, of New Orleans, for respondent.

BRUNOT, J.

Relator is a Louisiana corporation, domiciled and authorized to do business in the parish of Orleans. It conducts a retail coffee, soap, and tea business, by means of motor trucks, in the parish of Plaquemines. An operator of one of its trucks was arrested, in said parish, upon an affidavit charging him with peddling merchandise therein without first obtaining the necessary license to conduct said business. Upon its application to the district court, relator obtained a restraining order and a rule upon the sheriff of the parish to show cause why a preliminary injunction should not issue restraining him, his agents and subordinates, from interfering with the conduct of relator's said business, or arresting its employees or agents because of their services in connection therewith.

In the answer to the rule, the sheriff first excepted to the petition as not disclosing a right or cause of action. The rule was regularly tried and judgment was rendered thereon sustaining the respondent's exceptions and dismissing the plaintiff's suit.

Application was then made to this court for writs of certiorari and mandamus. A writ of certiorari issued, and, in response thereto, the trial judge has filed his return and has sent up the original record for review.

This is an appealable case. Therefore relator's remedy is by appeal from the judgment dismissing its suit.

The trial judge found that relator, through its employees and agents, was peddling merchandise in the parish of Plaquemines, and that it was subject to, but had not obtained, a parish peddler's license. Basing the judgment upon this finding of facts, the judge maintained the respondent's exceptions and dismissed the suit.

This court has repeatedly held that it is only where the inferior judge exceeds the bounds of his jurisdiction, or is guilty of a usurpation, or an abuse of his discretion, will it interpose its supervisory powers.

For these reasons the writ of certiorari herein issued is recalled and vacated, and relator's application for a writ of mandamus is denied at its cost.

O'NIELL, C. J., and ROGERS, J., concur in the decree.